# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SCHROEDER & TREMAYNE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:16-CV-1586 |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| SHEN MANUFACTURING COMPANY, ) | |
| INCORPORATED d/b/a John Ritzenthaler ) | |
| Company ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

Plaintiff Schroeder & Tremayne, Inc. ("S&T") states as follows for its Complaint against Defendant Shen Manufacturing Company, Incorporated d/b/a John Ritzenthaler Company ("Shen"):

## **PARTIES**

2. Schroeder & Tremayne, Inc. ("S&T") is a Missouri corporation with a principal place of business at 8500 Valcour Avenue, St. Louis, Missouri 63123.

3. Upon information and belief, Shen Manufacturing Company Incorporated d/b/a John Ritzenthaler ("Shen" or "Defendant") is a Pennsylvania corporation with a principal place of business at 40 Portland Road, West Conshohocken, Pennsylvania 19428.

## **JURISDICTION AND VENUE**

4. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patents). S&T's federal claims arise under the patent laws of the United States, specifically 35 U.S.C. §§ 1 *et seq.* (Patent Act).

5. Upon information and belief, Shen is using, selling, distributing, and offering for sale in this judicial district and elsewhere drying mats that infringe a patent owned by S&T. For at least this reason, personal jurisdiction exists in this judicial district. The Court has personal jurisdiction over Shen for the additional reason that Shen has contacts with this judicial district sufficient to make the exercise of personal jurisdiction proper.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**Infringement By Shen**

7. This is a lawsuit for patent infringement.

8. U.S. Design Patent No. D747,583 ("the '583 Patent") was duly and legally issued by the United States Patent and Trademark Office on January 12, 2016, and is entitled "Drying Mat." A true and correct copy of the '583 Patent is attached as Exhibit 1. The '585 Patent has remained in force since that time and continues to be in force.

9. S&T is the owner by assignment of the '583 Patent.

10. S&T is a family-owned company, founded in 1915.

11. S&T develops and sells home and housewares, auto, personal care, and pet products, including drying mats, such as The Original™ Dish Drying Mat XL, shown below, which are sold at Bed Bath & Beyond® and covered by the '583 Patent.



12. S&T also sells drying mats under other S&T owned brands and retailer private label programs.

13. S&T has been an innovator in home and housewares products, particularly with its portfolio of drying mats.

14. The figure from the '583 Patent is shown below:



15. At all relevant times, S&T has complied with all marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '583 Patent.

16. Shen has made, used, sold, offered for sale, and/or imported into the United States infringing drying mats, including the KitchenSmart Reversible Drying Mat ("Accused Drying Mats"), shown below:



17. On information and belief, Shen sells the Accused Drying Mats at national retailers across the country, including at Bed Bath & Beyond® in this district and Amazon.com.

18. A close-up photograph of the design of one of the Accused Drying Mats is shown below next to the figure of the '583 Patent:

|  |  |
|:---:|:---:|
| **Photograph of KitchenSmart Product** | **Fig. 1 of the '583 Patent** |

19. Any manufacture, use, sale, offer for sale, and/or importation into the United States of the Accused Drying Mats constitutes infringement of the '583 Patent.

20. The design of the Accused Drying Mats is the same or substantially the same as the design of the drawing figure of the '583 Patent, such that an ordinary observer would be deceived into believing that the design of the Accused Drying Mats is substantially the same as the design protected by the '583 Patent.

### *Shen's Awareness of S&T's Products and the '583 Patent*

21. S&T is a leader in its industry and has established itself as a provider of drying mats throughout the United States.

22. S&T and Shen are competitors and engage in the same channels of trade, including at retail stores.

23. On information and belief, Shen was aware of S&T's products – including the The Original™ Dish Drying Mat XL – and the intellectual property related to them, before Shen launched the Accused Drying Mats.

24. After the '583 Patent issued, Shen sold the Accused Drying Mats.

25. S&T notified Shen of the '583 Patent by letter dated July 22, 2016. After receipt of this letter, on information and belief, Shen continued to sell and offer for sale the Accused Drying Mats.

## COUNT I
### Shen's Infringement of the '583 Patent
### under 35 U.S.C. § 271 by the Accused Drying Mats

26. S&T incorporates by reference, as if fully set forth herein, paragraphs 1-25 of this Complaint.

27. Shen has been and is infringing the '583 Patent under one or more subsections of 35 U.S.C. § 271.

28. Shen directly infringes the '583 Patent by making, using, selling and/or offering for sale Accused Drying Mats within the United States, and/or importing Accused Dryings Mats into the United States.

29. On information and belief, Shen knew of the '583 Patent before it began selling the Accused Drying Mats.

30. After receiving S&T's July 22, 2016 letter, Shen knew of the '583 Patent.

31. On information and belief, Shen willfully continued to sell the Accused Drying Mats despite knowing that they infringed the '583 Patent.

32. Shen's conduct has damaged and will continue to damage S&T in an amount to be determined at trial.

**JURY TRIAL DEMANDED**

33. S&T hereby demands a jury on all jury triable issues.

**PRAYER FOR RELIEF**

**WHEREFORE**, S&T requests that the Court enter judgment against Shen as follows:

A. Preliminarily and permanently enjoin Shen and any person acting in concert with Shen from further infringement of the '583 Patent;

B. Declare that the '583 Patent is valid, enforceable, and infringed by Shen;

C. Award S&T the profits of Shen, in accordance with 35 U.S.C. § 289, resulting from Shen's infringement of the '583 Patent, actual damages to S&T in an amount not less than a reasonable royalty for Shen's infringement, and other damages and relief as allowed by 35 U.S.C. § 284;

D. Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

E. Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

F. Award S&T reasonable attorneys' fees under 35 U.S.C. § 285;

G. Order the impounding and destruction of all products that infringe the '583 Patent;

H. Award S&T interest and costs; and

I. Provide for such other and further relief that the Court deems just and proper.

Dated: October 7, 2016

Respectfully submitted,

THOMPSON COBURN LLP

By: */s/ Mark Sableman*
Mark Sableman (36276MO)
Michael L. Nepple (42082MO)
One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000
FAX 314-552-7000
msableman@thompsoncoburn.com
mnepple@thompsoncoburn.com

*Attorneys for Plaintiff Schroeder & Tremayne, Inc.*

6442368.6

- 7 -